UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>   v.<br><br>PEDRO OROPEZA, in his individual and representative capacity as Trustee--Pedro & Angela Oropeza 2008 Trust; ANGELA OROPEZA, in her individual and representative capacity as Trustee--Pedro & Angela Oropeza 2008 Trust; and ROSA HAS,<br><br>        Defendants. | NO. CIV. 2:14-1369 WBS DAD<br><br>MEMORANDUM AND ORDER RE: MOTION FOR SUMMARY JUDGMENT |

----oo0oo----

        Plaintiff Scott Johnson, a wheelchair-bound quadriplegic, brought this action against defendants Pedro Oropeza, Angela Oropeza, and Rosa Has, who own and operate the Kinnaree Thai Cuisine restaurant. Plaintiff alleges he visited the restaurant and encountered barriers to access that violate the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq.

1

1  ("ADA"), and related California laws.  Plaintiff now moves for
2  summary judgment pursuant to Federal Rule of Civil Procedure 56.
3  (Docket No. 12.)

I. Factual and Procedural Background

Plaintiff uses a wheelchair for mobility and owns a specially equipped van with a lift that deploys from the passenger side to accommodate his wheelchair.  (Decl. of Scott Johnson ("Johnson Decl.") ¶¶ 2-3 (Docket No. 12-3).)  On February 19, 2014, plaintiff visited Kinnaree Thai Cuisine, a restaurant owned and operated by defendants in Manteca, California.  (Id. ¶ 4.)  Plaintiff found that the entrance doorway was an outward-swinging door with a wide decorative lattice framed around it that blocked both sides of the door.  (Id. ¶ 4, Ex. 3.)  Plaintiff requires at least eighteen inches of clear floor space in order to maneuver his wheelchair while opening the door.  (Id. ¶ 5.)  In addition, a horizontal grab bar handle was mounted on the door that required plaintiff to use a tight grasp and twist his wrist to operate it.  (Id. ¶ 6.)  Plaintiff found it hard to make his way inside the restaurant due to these impediments. (Id. ¶ 7.)

Plaintiff returned to the restaurant at least one more time on March 11, 2014.  (Id. ¶ 11.)  Plaintiff took a photo of the entrance during that visit.  (See id. Ex. 3.)

More than a year after filing this lawsuit, plaintiff hired an architectural consultant to inspect the restaurant. (See Decl. of Paul Bishop ("Bishop Decl.") ¶¶ 5-7 (Docket No. 19-6).)  The consultant conducted his inspection on July 16, 2015, and found that all the impediments listed in plaintiff's First

Amended Complaint ("FAC") had been remedied.  (Id. ¶ 8.)  The entrance lattice had been removed and the door handle had been changed to one that did not require grasping.[1]  (Id. ¶¶ 8-10.)

Plaintiff's lawsuit asserts four claims: (1) violations of the ADA, 42 U.S.C. § 12101 et seq.; (2) violations of California's Unruh Civil Rights Act ("UCRA"), Cal. Civ. Code §§ 51 et seq.; (3) violations of the California Disabled Persons Act, Cal. Civ. Code §§ 54-54.8; and (4) common-law negligence.  (First Am. Compl. ("FAC") ¶¶ 18-34 (Docket No. 7).)  Plaintiff moves for summary judgment as to his first two claims and states in his motion that he will stipulate to dismiss his California Disabled Persons Act and negligence claims if the court grants summary judgment as to his claims under the ADA and UCRA.[2]  (Pl.'s Mem. at 1.)

Plaintiff acknowledges that, because all barriers have been fixed, he no longer requires injunctive relief.  (Pl.'s Mem. at 1.)  He seeks only an award of $4,000 in damages.  (See Pl.'s

---

[1] Plaintiff's FAC also identifies several barriers associated with the restaurant's restroom that were also remedied by the time of inspection.  (See FAC ¶¶ 11-14; Bishop Decl. ¶ 9.)  Plaintiff never encountered these barriers personally and therefore cannot sustain his claim for damages upon them.  (See Pl.'s Mem. at 1); Cal. Civ. Code § 55.56(b).

[2] Plaintiff has not yet presented the court with a stipulation to this effect signed by both parties.  As the court has previously explained in another case involving the same plaintiff, Federal Rule of Civil Procedure 15 governs the unilateral withdrawal of claims. See Johnson v. Wayside Prop., Inc., 41 F. Supp. 3d 973, 975 n.2 (E.D. Cal. 2014) (citing Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 687 (9th Cir. 2005)).  If plaintiff intends to withdraw his third and fourth claims, he must either explain why dismissal is appropriate under Rule 15 or submit a stipulation signed by both parties.

Mem. at 1, 10.)

II. Discussion

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Alternatively, the moving party can demonstrate that the non-moving party cannot produce evidence to support an essential element upon which it will bear the burden of proof at trial. Id.

Once the moving party meets its initial burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting then-Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S.

4

1   at 252.

2        In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Id. at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . . ." Id.

        Defendants do not dispute liability based on the fact that their restaurant was not fully ADA compliant. (Defs.' Opp'n at 1 (Docket No. 24-1).) Accordingly, because there is no genuine dispute regarding the existence of barriers to access, the court will enter summary judgment for plaintiff on the issue of liability under the ADA and the UCRA.[3]

        Defendants contest only the amount of monetary damages due to plaintiff under the UCRA. (Defs.' Opp'n at 1-2.) Unlike the ADA, the UCRA permits plaintiffs aggrieved by barriers to access to recover monetary damages. Cal. Civ. Code § 52(a); Munson v. Del Taco, Inc., 46 Cal. 4th 661, 669 (2009). Even if a defendant has removed barriers to access and thereby mooted the plaintiff's ADA claim, those remedial measures will not moot a UCRA claim for damages. Wilson v. Pier 1 Imports (US), Inc., 439

---

[3] The UCRA "incorporates the substantive standards of the ADA and creates a private right of action as a matter of state law." Dep't of Fair Emp't & Hous. v. Law School Admission Council Inc., 896 F. Supp. 2d 849, 865 (N.D. Cal. 2012). The law provides that "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 . . . shall also constitute a violation of [the UCRA]." Cal. Civ. Code § 51(f).

1  F. Supp. 2d 1054, 1069 (E.D. Cal. 2006) (Karlton, J.) (citing
2  Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1131 (C.D. Cal.
3  2005)).
4       The UCRA generally provides for a minimum of $4,000 in
5  statutory damages for each offense.  See Cal. Civ. Code §§ 52(a),
6  55.56(e).  However, defendants argue they have presented evidence
7  to raise a genuine issue of material fact as to whether they are
8  entitled to a reduction of the statutory damages from $4,000 to
9  $1,000 pursuant to California Civil Code section 55.56(f)(1)(A).
10 (Defs.' Opp'n at 2.)
11      Section 55.56(f)(1)(A) reduces the available statutory
12 damages for each offense "if the defendant demonstrates that it
13 has corrected all construction-related violations that are the
14 basis of a claim within 60 days of being served with the
15 complaint" in addition to demonstrating that:

> The structure or area of the alleged violation was determined to be "CASp-inspected" or "meets applicable standards" and, to the best of the defendant's knowledge, there were no modifications or alterations that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim that were completed or commenced between the date of that determination and the particular occasion on which the plaintiff was allegedly denied full and equal access.

Cal. Civ. Code § 55.56(f)(1)(A).  Although defendants have
submitted evidence that the deficiencies were corrected within
sixty days of service on Rosa Has, (see Decl. of Rosa Has ("Has
Decl.") ¶ 2 (Docket No. 24-2)), they have not provided evidence
addressing the other requirements of section 55.56(f)(1)(A).
Specifically, defendants have not submitted evidence to establish

6

1  whether the "structure or area of the alleged violation was
2  determined to be 'CASp-inspected' or 'meets applicable
3  standards,'" nor have they presented any evidence regarding
4  alterations or modifications between the date of such a
5  determination and the occasion on which plaintiff visited their
6  restaurant.  Defendants therefore fail to demonstrate a genuine
7  issue of material fact regarding the applicability of section
8  55.56(f)(1)(A).  See Anderson, 477 U.S. at 248.

9     Moreover, the record indicates that the deficiencies
10 were corrected within sixty days of service on only one of the
11 defendants, Rosa Has.  Defendants Peter Oropeza and Angela
12 Oropeza were served with plaintiff's initial complaint on June 9,
13 2015.  (See Docket Nos. 4, 6.)  Rosa Has was served later, on
14 July 10, 2014, after plaintiff amended his complaint to add her
15 as a party.  (See Docket No. 10.)  Defendants use the date of
16 service on Has to calculate the sixty-day window provided by
17 section 55.56(f)(1)(A), but they offer no evidence demonstrating
18 that subsection's potential applicability to Peter and Angela
19 Oropeza.

20    Accordingly, because defendants conceded liability and
21 fail to raise a genuine issue of material fact regarding the
22 amount of statutory damages owed to plaintiff, the court will
23 grant plaintiff's motion with respect to both liability and
24 damages.

25    IT IS THEREFORE ORDERED that plaintiff's motion for
26 summary judgment be, and the same hereby is, GRANTED.  The court
27 awards plaintiff statutory damages in the amount of $4,000.
28 ///

Dated:  September 8, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE